## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

——————————————————

WILLIAM FRIDAY BEATTY,

                    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

——————————————————

1:20-cv-01950-NLH

**OPINION**

**APPEARANCES:**

ALAN H. POLONSKY
POLONSKY AND POLONSKY
512 S WHITE HORSE PIKE
AUDUBON, NJ 08106

    *On behalf of Plaintiff*

COREY STEPHEN FAZEKAS
SOCIAL SECURITY ADMINISTRATION
300 SPRING GARDEN ST
6TH FLOOR
PHILADELPHIA, PA 19123

    *On behalf of Defendant*

**HILLMAN,** District Judge

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding Plaintiff's application for Disability Insurance Benefits ("DIB")[1] under Title II of the Social

--------

[1] DIB is a program under the Social Security Act to provide

Security Act.  42 U.S.C. § 423, et seq.  The issue before the
Court is whether the Administrative Law Judge ("ALJ") erred in
finding that there was "substantial evidence" that Plaintiff
was disabled from July 17, 2012, his alleged onset date of
disability, through December 18, 2017, but not after that
date.  For the reasons stated below, this Court will affirm
that decision.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

On August 27, 2015, Plaintiff, William Friday Beatty,
protectively filed an application for DIB,[2] alleging that he
became disabled on July 17, 2012.  Plaintiff claims that he can
no longer work as a security officer because of his spine
disorder, among other impairments.[3]

After Plaintiff's claim was denied initially and on

---

disability benefits when a claimant with a sufficient number
of quarters of insured employment has suffered such a mental
or physical impairment that the claimant cannot perform
substantial gainful employment for at least twelve months.  42
U.S.C. § 423 et seq.

[2] A protective filing date marks the time when a disability
applicant makes a written statement of his or her intent to
file for benefits.  That date may be earlier than the date of
the formal application and may provide additional benefits to
the claimant.  See SSA Handbook 1507; SSR 72-8.

[3] Under the regulations, Plaintiff, who was 38 at the time of
his alleged disability onset date, was defined as a "younger
individual" (age 18-49).  20 C.F.R. § 404.1563.

on reconsideration, a hearing was held before an ALJ on July 26, 2018.  On October 31, 2018, the ALJ issued her decision, finding that Plaintiff was disabled for a closed period of disability between July 17, 2012 through December 18, 2017, but not after that date.[4]

Plaintiff's Request for Review of Hearing Decision was denied by the Appeals Council on January 29, 2020, making the ALJ's decision final.  Plaintiff brings this civil action for review of the Commissioner's decision.

## II.   DISCUSSION

### A.   Standard of Review

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for social security benefits.  <u>Ventura v. Shalala</u>,

---

[4] Because the ALJ found that Plaintiff was disabled for a closed period from July 17, 2012 through December 18, 2017, his date last insured was extended through at least December 31, 2022.  <u>See</u> POMS DI 25501.320 ("The date last insured (DLI) is the last day of the quarter a claimant's meets insured status for disability."); 20 C.F.R. § 404.130 ("We have four different rules for determining if you are insured for purposes of establishing a period of disability or becoming entitled to disability insurance benefits.  To have disability insured status, you must meet one of these rules and you must be fully insured . . . .").  As a result, Plaintiff relates that after the filing of the instant appeal, Plaintiff filed a new application for disability benefits arising from a September 2020 spine surgery.  At the time the parties filed their briefs in this matter, that claim was still pending before the SSA.

55 F.3d 900, 901 (3d Cir. 1995).  A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Substantial evidence means more than "a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  The inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its totality.  See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984).  "[A] court must 'take into account whatever in the record fairly detracts from its weight.'" Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)).  The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections."  Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000).  Similarly, an ALJ must also consider and weigh all of the non-medical evidence before him.  Id. (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978).  Although an ALJ, as the fact finder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every

tidbit of evidence included in the record," Hur v. Barnhart, 94 F. App'x 130, 133 (3d Cir. 2004).  In terms of judicial review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams, 970 F.2d at 1182.  However, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by application of the proper legal standards.  Sykes, 228 F.3d at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

    **B.   Standard for DIB**

    The Social Security Act defines "disability" for purposes of an entitlement to a period of disability and disability insurance benefits as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months.  See 42 U.S.C. § 1382c(a)(3)(A).  Under this definition, a Plaintiff qualifies as disabled only if her physical or mental impairments are of such severity that she is not only unable to perform her past relevant work, but cannot, given her age, education, and work experience, engage

in any other type of substantial gainful work which exists in
the national economy, regardless of whether such work exists
in the immediate area in which she lives, or whether a
specific job vacancy exists for her, or whether she would be
hired if she applied for work.  42 U.S.C. § 1382c(a)(3)(B)
(emphasis added).

The Commissioner has promulgated regulations[5] for
determining disability that require application of a five-step
sequential analysis.  See 20 C.F.R. § 404.1520.  This five-
step process is summarized as follows:

1.  If the claimant currently is engaged in substantial
    gainful employment, she will be found "not
    disabled."

2.  If the claimant does not suffer from a "severe
    impairment," she will be found "not disabled."

3.  If the severe impairment meets or equals a listed
    impairment in 20 C.F.R. Part 404, Subpart P,
    Appendix 1 and has lasted or is expected to last for
    a continuous period of at least twelve months, the
    claimant will be found "disabled."

4.  If the claimant can still perform work she has done
    in the past ("past relevant work") despite the
    severe impairment, she will be found "not disabled."

5.  Finally, the Commissioner will consider the
    claimant's ability to perform work ("residual
    functional capacity"), age, education, and past work
    experience to determine whether or not she is

---

[5] The regulations were amended effective March 27, 2017.  See
82 F.R. 5844.  The parties do not indicate that any of the
amendments are applicable to the issues presented by
Plaintiff's appeal.

> capable of performing other work which exists in the
> national economy.  If she is incapable, she will be
> found "disabled."  If she is capable, she will be
> found "not disabled."

20 C.F.R. § 404.1520(b)-(f).  Entitlement to benefits is

therefore dependent upon a finding that the claimant is

incapable of performing work in the national economy.

This five-step process involves a shifting burden of

proof.  See Wallace v. Secretary of Health & Human Servs., 722

F.2d 1150, 1153 (3d Cir. 1983).  In the first four steps, the

burden is on the claimant to prove every element of her claim

by a preponderance of the evidence.  See id.  In the final

step, the Commissioner bears the burden of proving that work

is available for the Plaintiff: "Once a claimant has proved

that he is unable to perform his former job, the burden shifts

to the Commissioner to prove that there is some other kind of

substantial gainful employment he is able to perform."  Kangas

v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v.

Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

C.   Analysis

At step one, the ALJ found that Plaintiff had not engaged

in substantial gainful activity since the alleged onset of

disability.  At step two, the ALJ found that Plaintiff's

impairments of spine disorder, disorder of the muscle,

ligament, and fascia, and obesity were severe.  At this point,

the ALJ considered the remaining steps in two separate analyses - one for the period from Plaintiff's alleged disability onset date of July 17, 2012 through December 18, 2017, and the other for after December 18, 2017.  For both analyses at step three, the ALJ determined that Plaintiff's severe impairments or his severe impairments in combination with his other impairments did not equal the severity of one of the listed impairments.

For the period of July 17, 2012 through December 18, 2017, the ALJ determined at step four that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work[6] with certain restrictions, including being off-task for 10% of the work day "due to pain or need for breaks to lie down."  As of December 18, 2017, two weeks after Plaintiff's lumbar spine surgery on December 4, 2017, the ALJ determined that Plaintiff retained the same RFC, except that he would no longer be off-task for 10% of the work day.  Because neither RFC enabled Plaintiff to perform his past relevant work as a security officer, at step five, the ALJ considered hearing testimony from a vocational expert ("VE").  While the ALJ found that no

---

[6] See 20 C.F.R. § 404.1567 ("Physical exertion requirements. To determine the physical exertion requirements of work in the national economy, we classify jobs as sedentary, light, medium, heavy, and very heavy.").

jobs in the national economy existed that Plaintiff could perform for the pre-surgery disability period, the ALJ found that after December 18, 2017, Plaintiff was capable of performing other jobs in the national economy, such as an addressing clerk, router clerk, and charge account clerk.

Plaintiff does not challenge the ALJ's findings with regard to the July 17, 2012 through December 18, 2017 time period.  Plaintiff argues that the ALJ erred in her second RFC determination regarding Plaintiff's post-surgery ability to perform the sedentary work identified by the VE.

To support his position, Plaintiff admits that there is evidence to support his improvement after surgery, but Plaintiff argues that his improvement was not enough to enable him to work at the level found by the ALJ.  Plaintiff contends that the ALJ's decision "is not consistent with common sense" because "improvement is not recovery," and "[p]eople do not recover from a spinal fusion in two weeks to the point where they can sustain any activity for eight hours a day.  Bones are not fully healed for several months after surgery, at best."  Plaintiff also argues that his subsequent need for a third spinal surgery[7] demonstrates that the ALJ's decision was

---

[7] In July 2012, Plaintiff was involved in an altercation which injured his back, resulting in a spinal fusion surgery in July 2013.  His second spinal surgery was performed on December 4,

"not rational."  (Docket No. 10 at 24-26.)  Plaintiff sums up his argument as follows:

> [] William Beatty was found disabled by the Administrative Law Judge for the period from July 17, 2012, through December 18, 2017, but not thereafter. That conclusion is contrary to the medical evidence and contrary to any reasonable view of the evidence.  It is not accompanied by a sufficient rationale for the simple reason that it is not rational.  It makes no sense.  That decision is not supported by substantial evidence an[d] cannot be sustained.

(Docket No. 12 at 7.)

The basis for Plaintiff's appeal of the ALJ's decision is pure disagreement through argument without any substantive identification of evidence that shows how the ALJ overlooked or misconstrued the evidence she used to support her conclusion.  Plaintiff considers the ALJ's decision non-sensical and lacking a rational basis but fails to point to specific evidence in the record that would undermine the ALJ's determination that post-surgery Plaintiff was capable of performing sedentary work with additional limitations, and such work constituted three jobs that existed in significant numbers in the national economy.

---

2017.  Plaintiff's brief indicates that his third surgery was to take place in September 2020.  As noted above, Plaintiff has filed a second disability claim relative to this third surgery.  The evidence concerning that claim is not relevant to Plaintiff's first claim and his instant appeal because it was generated after both the ALJ's decision and the Appeals Council's denial of Plaintiff's request for review.

The Court's review of the ALJ's decision shows that the ALJ performed a thorough recitation of the medical evidence, and she explained the weight she afforded the opinions of the medical sources.[8]  (R. at 54-58.)  The ALJ also considered Plaintiff's testimony, and explained why she did not fully credit his reports of pain.[9]  (R. at 57.)  The ALJ formulated Plaintiff's RFC accordingly,[10] and presented Plaintiff's RFC as

---

[8] An ALJ is required to state what weight he or she ascribes to a medical opinion, but not to other forms of medical evidence. Rafine v. Commissioner of Social Security, 2020 WL 3073829, at *5 (D.N.J. 2020).  The ALJ here fulfilled her obligation to explain what weight she afforded to a medical opinion and why she assigned the weight as she did.  See 20 C.F.R. § 404.1527(c) ("How we weigh medical opinions. Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's medical opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.").

[9] SSR 16-3-p ("An individual's statements may address the frequency and duration of the symptoms, the location of the symptoms, and the impact of the symptoms on the ability to perform daily living activities.  An individual's statements may also include activities that precipitate or aggravate the symptoms, medications and treatments used, and other methods used to alleviate the symptoms.  We will consider an individual's statements about the intensity, persistence, and limiting effects of symptoms, and we will evaluate whether the statements are consistent with objective medical evidence and the other evidence.").

[10] Plaintiff states that it is significant that neither his surgeon nor his physical therapist opined that Plaintiff was capable of working eight hours a day.  Plaintiff, however, does not show where these medical providers opined as to how many hours Plaintiff was capable of working below eight hours. Additionally, the RFC determination, which encompasses the

12

a hypothetical to the VE, who identified three jobs that
someone with Plaintiff's RFC could perform.  (R. at 59.)  The
ALJ therefore concluded that Plaintiff was not disabled as of
a few weeks after his back surgery.  (R. at 59-60.)  This is a
by-the-book, properly supported analysis of the fourth and
fifth steps in the sequential step analysis.

Plaintiff generally refers to some of the same evidence
as the ALJ, and agrees that it shows improvement, but he views
that evidence as to preclude his ability to work.  This
differing point of view, along with Plaintiff's overall
feeling that the ALJ's decision is not rational or does not
make sense, is not sufficient to meet Plaintiff's burden on
appeal to establish that the ALJ's decision was not supported
by substantial evidence.  See, e.g., Perkins v. Barnhart, 79
F. App'x 512, 514-15 (3d Cir. 2003) ("Perkins's argument here
amounts to no more than a disagreement with the ALJ's
decision, which is soundly supported by substantial
evidence."); Moody v. Commissioner of Social Security
Administration, 2016 WL 7424117, at *8 (D.N.J. 2016) ("[M]ere
disagreement with the weight the ALJ placed on the opinion is

---

total hours a claimant is able to work, is for the ALJ to
determine, not a medical source.  See 20 C.F.R. §§
404.1527(d)(2), 404.1546(c) (explaining that the RFC finding
is a determination expressly reserved to the Commissioner
rather than any medical source).

not enough for remand."); Grille v. Colvin, 2016 WL 6246775, at *8 (D.N.J. 2016) ("Distilled to its essence, Plaintiff's argument here amounts to nothing more than a mere disagreement with the ALJ's ultimate decision, which is insufficient to overturn that decision.").

Consequently, the Court cannot find that the ALJ erred in her determination that after December 18, 2017, Plaintiff retained the RFC to perform sedentary work in jobs that exist in significant numbers in the national economy.

### III. Conclusion

This Court may not second guess the ALJ's conclusions, and may only determine whether substantial evidence supports the ALJ's decision.  Hartzell v. Astrue, 741 F. Supp. 2d 645, 647 (D.N.J. 2010)(citing Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992))(explaining the pinnacle legal principal that a district court is not empowered to weigh the evidence or substitute its conclusions for those of the ALJ).  For the foregoing reasons, the ALJ's determination that Plaintiff was not disabled after December 18, 2017 is supported by substantial evidence.  The decision of the ALJ will therefore be affirmed.  An accompanying Order will be issued.


Date:  April 15, 2021              s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

14